IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN WILL SMITH, #108872, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05-CV-868-A |
| ) | [WO] |
| ) | |
| LEON FORNISS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

John Will Smith ["Smith"], a state inmate, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on September 7, 2005.[1] In this petition, Smith challenges a 1974 conviction for first degree murder imposed upon him by the Circuit Court of Chambers County, Alabama. The trial court sentenced Smith to life imprisonment for this conviction.

**DISCUSSION**

A review of this court's records reveals that Smith has filed three previous habeas

---

[1] Although the Clerk of this court stamped the petition "filed" on September 9, 2005, the petitioner certified that he executed the petition on September 7, 2005. Thus, this is the earliest date Smith could have deposited the petition in the prison mail system for mailing to this court. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Smith] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of proceedings herein, the court considers September 7, 2005 as the date of filing.

Dockets.Justia.com

petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1974 murder conviction. *See Smith v. Davis, et al.*, Civil Action No. 98-A-1140-N (M.D. Ala. 1999); *Smith v. Morrison, et al.*, Civil Action No. 90-D-890-E (M.D. Ala. 1990); and *Smith v. White, et al.*, Civil Action No. 85-V-1312-E (M.D. Ala. 1987). In the first two habeas actions, this court decided the claims adversely to the petitioner. With respect to the third application for federal habeas corpus relief, the court summarily dismissed the petition in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Smith had not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.

"Before a second or successive application [for habeas corpus relief] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Smith that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Smith's third] habeas corpus petition and because he had no

permission from [the Eleventh Circuit] to file a [third] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by John Will Smith on September 7, 2005 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

It is further

ORDERED that on or before **October 5, 2005** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

---

[2] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Smith] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE